UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TANIKA SHIELDS,

Plaintiff,

v.

HAMILTON COUNTY, OHIO,

HAMILTON COUNTY PROSECUTOR'S OFFICE,

BRIAN GOODYEAR,

MARK ~~PIEMPIER~~ Piepmeier,

RICK GIBSON,

Defendants.

Case No: 1:25CV966

(JURY TRIAL DEMANDED)

RECEIVED
DEC 30 2025
RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

J. HOPKINS

M.J. BOWMAN

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

I. JURISDICTION

1. This action arises under 42 U.S.C. § 1983.

2. This Court has jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Ohio because the events occurred in Hamilton County, Ohio.

II. PARTIES

4. Plaintiff Tanika Shields is a resident of Hamilton County, Ohio.

5. Plaintiff's mailing address is: P.O. Box 14087, Cincinnati, OH 45250.

6. Plaintiff's phone number is (513) 635-1121.

7. Plaintiff's email address is: TNKShields266@gmail.com.

8. Defendants were acting under color of state law at all relevant times.

9. Defendant Hamilton County is responsible for policies and practices of the Prosecutor's Office.

10. Defendant Brian Goodyear was an Assistant Prosecutor.

11. Defendant Mark Piempier was a supervising prosecutor.

12. Defendant Rick Gibson was a senior prosecutorial official.

### III. FACTUAL BACKGROUND

13. Plaintiff is the mother of homicide victim Darnay Allmond, murdered on July 29, 2021.

14. Two individuals were charged: Deaundre Manning and Enijah Wilson.

15. Defendant Goodyear handled both prosecutions.

16. Plaintiff actively requested notice of hearings and plea negotiations.

17. After raising concerns regarding prosecutorial conduct, Plaintiff was excluded from communication.

18. Plaintiff was informed communication would be limited or discontinued.

19. Plaintiff was not notified of Enijah Wilson's plea hearing.

20. Plaintiff was not given an opportunity to attend or be heard.

21. Plaintiff learned of the plea only after it occurred.

22. Plaintiff repeatedly attempted to obtain information and was ignored.

23. The exclusion occurred after Plaintiff spoke out regarding prosecutorial conduct.

24. The actions taken against Plaintiff were retaliatory and intentional.

### ADDITIONAL BACKGROUND REGARDING PATTERN OF RETALIATION

25. Prior to the events involving Enijah Wilson, Plaintiff was actively involved in the prosecution of Deaundre Manning, the co-defendant in the homicide of her son.

26. During the Manning proceedings, Plaintiff raised concerns regarding prosecutorial decisions, plea negotiations, and the handling of evidence.

27. Plaintiff was repeatedly assured by Defendant Goodyear that no plea agreement would be accepted that did not reflect the severity of the crime.

28. After Plaintiff questioned these representations and expressed objections, Defendants' demeanor and treatment toward Plaintiff changed.

29. Plaintiff was discouraged from further communication, spoken to in a dismissive and hostile manner, and advised that further advocacy would not change outcomes.

30. These events preceded and directly relate to the subsequent exclusion and retaliation Plaintiff experienced in the Enijah Wilson case.

31. The conduct in the Manning case demonstrates motive, intent, and a pattern of retaliatory behavior by Defendants when Plaintiff exercised her right to speak out and demand accountability.

### IV. CLAIMS FOR RELIEF

#### COUNT I – First Amendment Retaliation

32. Plaintiff engaged in protected speech.

33. Defendants retaliated by excluding Plaintiff and withholding information.

34. The retaliation would chill a person of ordinary firmness.

COUNT II – Fourteenth Amendment Due Process

35. Plaintiff had a protected interest in notice and participation.

36. Defendants deprived Plaintiff of those rights without due process.

COUNT III – Monell Liability

37. Hamilton County maintained policies or customs that permitted:

a. Retaliation against victims

b. Failure to notify victims

c. Lack of supervision and training

38. These policies caused the constitutional violations suffered by Plaintiff.

V. RELIEF REQUESTED

Plaintiff respectfully requests:

A. Declaratory relief;

B. Injunctive relief requiring policy reform;

C. Compensatory damages;

D. Costs and fees;

E. Any relief the Court deems just.

VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

Tanika Shields

Plaintiff, Pro Se

P.O. Box 14087

Cincinnati, OH 45250

Phone: (513) 635-1121

Email: TNKShields266@gmail.com

I certify that the above information is true and correct to the best of my knowledge.

Date: 12/30/25

Signature: *[signed]*

Tanika Shields

Plaintiff, Pro Se

Tanika Shields

P.O. Box 14087

Cincinnati, OH 45250

Phone: (513) 635-1121

Email: TNKShields266@gmail.com

Date: 12\30\25

Clerk of Court

U.S. District Court

Southern District of Ohio

100 E. Fifth Street

Cincinnati, OH 45202

RE: Filing of Pro Se Civil Rights Complaint

Dear Clerk of Court,

Please accept the enclosed documents for filing in the United States District Court for the Southern District of Ohio.

Enclosed for filing are the following:

1. Civil Rights Complaint under 42 U.S.C. § 1983
2. Civil Cover Sheet (JS-44)
3. Application to Proceed In Forma Pauperis (if applicable)

I am filing this action pro se and respectfully request that the documents be docketed accordingly. Please file the complaint and return a stamped copy for my records.

Thank you for your assistance.

Respectfully submitted,

Tanika Shields

Plaintiff, Pro Se