UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TANIKA SHIELDS, | : Case No. 1:25-cv-966 |
| Plaintiff, | : |
| vs. | : District Judge Jeffery P. Hopkins |
| | : Magistrate Judge Stephanie K. Bowman |
| HAMILTON COUNTY, OHIO, et al., | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I.     General Screening Authority**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action

is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.  Allegations in the Complaint

Plaintiff brings this action against Hamilton County, Ohio, the Hamilton County Proseuctor's Office, assistant prosecutor Brian Goodyear, supervising prosecutor Mark Piepmeier, and senior prosecutorial official Rick Gibson. (*See* Doc. 1-1, Complaint at PageID 5). Plaintiff is the mother of homicide victim Darnay Allmond, who she states was murdered on July 29, 2021. According to Plaintiff, two individuals—Deaundre Manning and Enijah Wilson—were arrested and charged with the murder. Both prosecutions were handled by Defendant prosecutor Brian Goodyear. (*Id.* at PageID 6).

Plaintiff claims she was actively involved in the prosecution of Manning and raised concerns regarding prosecutorial decisions, plea negotiations, and handling of evidence. According to Plaintiff, Goodyear repeatedly assured her that "no plea agreement would be accepted that did not reflect the severity of the crime," but after she raised her concerns

3

"Defendants' demeanor and treatment toward Plaintiff changed." (*Id.*). She claims Defendants were dismissive and hostile towards her, advising her that her advocacy would not change the outcome of the prosecutions.

With respect to the Wilson prosecution, which followed, Plaintiff alleges that she actively requested notice of hearings and plea negotiations, but was informed that communication would be limited or discontinued. Plaintiff further alleges that she was not notified of Wilson's plea hearing or given an opportunity to attend or be heard.

Plaintiff maintains that she was retaliated against and deprived of her due process rights. She seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at PageID 7).

### III. Analysis

Plaintiff's complaint should be dismissed at the screening stage. 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, the complaint should be dismissed against Defendant Hamilton County Prosecutor's Office. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336 (6th Cir. 2023) (citing *Will*, 491 U.S. at 64). The Hamilton County Prosecutor's Office is not a person subject to suit. *See Nalls v. Montgomery Cnty. Prosecutor's Off.*, No. 3:22-cv-243, 2023 WL 369955, at *5 (S.D. Ohio Jan. 24, 2023), *report and recommendation adopted*, 2023 WL 2081575 (S.D. Ohio Feb. 17, 2023) ("the complaint must be dismissed as to the Montgomery County Prosecutor's Office, as the county office is not a 'person' within the meaning of § 1983 or a legal entity capable of being sued."); *Howard v. Hamilton Cnty. Just. Ctr.*, No. 1:19-cv-

926, 2019 WL 6686863, at *2 (S.D. Ohio Nov. 13, 2019), *report and recommendation adopted*, 2019 WL 6682153 (S.D. Ohio Dec. 6, 2019) ("a prosecutor's office is not an entity capable of being sued").

The complaint should also be dismissed against Defendants assistant prosecutor Goodyear, supervising prosecutor Mark Piempier, and senior prosecutorial official Rick Gibson. Plaintiff does not include any specific factual allegations against Piemper and Gibson, aside from referring to "Defendants" collectively in portions of the complaint. Absent any allegation of wrongdoing, Plaintiff has failed to state a claim upon which relief can be granted against these Defendants. And to the extent that Plaintiff may intend to hold these individuals liable based on their supervisory positions it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)).

In any event, "[p]rosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

As noted above, in this case Plaintiff claims that Goodyear retaliated against her by failing to notify of plea hearings and improperly excluded her from participating in the

5

prosecution of Manning and Wilson. Because these activities are intimately associated with the judicial phase of the criminal process, Defendants Goodyear, Piemper, and Gibson are entitled to immunity. *See Pusey v. City of Youngstown*, 11 F.3d 652, 658-59 (6th Cir. 1993) (holding that a prosecutor's failure to notify a victim of a hearing in which a charge was reduced and a guilty plea entered "is within the prosecutor's function as an advocate for the state as it is intimately associated within the judicial phase of the criminal process").[1] The complaint should therefore be dismissed against the Defendant prosecutors.[2]

Finally, the complaint should be dismissed against the remaining Defendant, Hamilton County, Ohio. In order to state a claim for relief against Hamilton County for her alleged injuries, Plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be the "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually

---

[1] With respect to Plaintiff's claim that her exclusion from the criminal proceedings amounted to a due process violation, the Sixth Circuit also held in *Pusey v. City of Youngstown*, 11 F.3d 652 (6th Cir. 1993) that the failure to inform a victim of a guilty plea hearing did not violate due process or give rise to a § 1983 claim. *Id.* at 656-57.

[2] To the extent that Plaintiff seeks to hold the Defendant prosecutors liable in their official capacities, her claims for damages are barred by the Eleventh Amendment. *See Cox v. Nord*, Case No. 1:23-cv-324, 2023 WL 6276198, at *5 (S.D. Ohio Sept. 26, 2023) (finding that official capacity claims against an Ohio common pleas court judge and county prosecutor were the equivalent of claims against the State of Ohio and barred under the Eleventh Amendment) (Report and Recommendation), *adopted* 2023 WL7699848 (S.D. Ohio Nov. 15, 2023).

responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Although the complaint includes the allegation that "Hamilton County maintained policies or customs that permitted" her injuries and seeks "injunctive relief requiring policy reform" (Doc. 1-1, Complaint at PageID 7), Plaintiff's conclusory allegations without factual enhancement is insufficient to state a claim for relief under § 1983. Plaintiff has failed to "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford,* 245 F.3d 869 (6th Cir. 2001)). *See also Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) ("[E]ven assuming there was an underlying constitutional violation, we affirm the dismissal of the *Monell* claim because Plaintiffs have failed to set forth sufficient facts to establish an unconstitutional custom or policy."). Further, "a custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims." *Burgess*, 735 F.3d at 478 (citations omitted). The complaint fails to allege the existence of any other instances of misconduct to plausibly support an inference of such a pattern in this case. Plaintiff's allegations are the type of legal conclusion couched as a factual allegation that does not pass muster under *Twombly* or *Iqbal*. Accordingly, Plaintiff has failed to state a Section 1983 claim upon which relief may be granted against Defendant

7

Hamilton County.

### IV. Conclusion and Recommendation

For the reasons stated above, it is **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B).

It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                                              *s/Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| TANIKA SHIELDS, | : | Case No. 1:25-cv-966 |
| Plaintiff, | : | |
| vs. | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Stephanie K. Bowman |
| HAMILTON COUNTY, OHIO, et al., | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9